Priority  
Send  
Enter  
Closed  
JS-5/JS-6 ___  
JS-2/JS-3 ___  
Scan Only ___



FILED  
CLERK, U.S. DISTRICT COURT  
JUL 18 2005  
CENTRAL DISTRICT OF CALIFORNIA  
BY ___ DEPUTY

ORIGINAL

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN CARBAJAL, | ) Case No. CV 04-9472-RC |
| Plaintiff, | ) |
| vs. | ) OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |



ENTERED  
CLERK, U.S. DISTRICT COURT  
JUL 19 2005  
CENTRAL DISTRICT OF CALIFORNIA  
BY ___ DEPUTY

Plaintiff Helen Carbajal filed a complaint on November 22, 2004, seeking a review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on April 22, 2005, and the parties filed a joint stipulation on June 14, 2005.

## BACKGROUND

### I

On December 31, 2001, plaintiff applied for disability benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423, claiming an inability to work since April 4, 2000, due to arm and

hand limitations, poor vision, depression, stress, hypertension and anxiety. Certified Administrative Record ("A.R.") 49-51, 76. Plaintiff's application was denied on March 5, 2002. A.R. 32-35. She then requested an administrative hearing, which was held before Administrative Law Judge Alexander Weir, III ("the ALJ") on March 11, 2003. A.R. 36-37, 211-44. On May 27, 2003, the ALJ issued a decision finding plaintiff is not disabled. A.R. 20-30. Plaintiff appealed this decision to the Appeals Council, which denied review on September 22, 2004. A.R. 5-8, 15, 17.

II

Plaintiff, who was born on October 20, 1952, is currently 52 years old. A.R. 49. She has an eleventh-grade education. A.R. 216-17. She has previously worked as an electronic assembler and in a packaging facility. A.R. 63-70, 217, 225-29.

On January 18, 2002,[1] Karina Shulman, M.D., examined plaintiff and diagnosed her with an unspecified depressive disorder and an unspecified anxiety disorder, and determined plaintiff's Global Assessment of Functioning ("GAF") to be 70.[2] A.R. 106-10. Dr.

---

[1] Although plaintiff complains of both physical and mental limitations, her claim addresses only the ALJ's erroneous assessment of her mental limitations; therefore, the Court will address only plaintiff's mental complaints.

[2] A GAF of 70 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).

1 Shulman found plaintiff has "good abstraction, judgment and insight"
2 and her immediate memory is intact; however, her short term and remote
3 memory are "slightly decreased" and her concentration is "decreased."
4 A.R. 108-09.  Dr. Shulman opined:

> [plaintiff] is able to accept instructions from supervisors
> and interact appropriately with co-workers and [the] public.
> She can understand, remember and carry out simple repetitive
> instructions.  The [plaintiff] should be able to perform
> work activities on a consistent basis and maintain[] regular
> attendance in the workplace.  [She] does not need additional
> supervision in performing [a] work routine.

A.R. 109.

On February 22, 2002, K. Pasricha, M.D., a nontreating and nonexamining physician, diagnosed plaintiff with an unspecified depressive disorder and an unspecified anxiety disorder.  A.R. 115-32. Dr. Pasricha opined plaintiff has: a "mild" restriction of activities of daily living; "mild" difficulties in maintaining social functioning; **"moderate"** difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation.  A.R. 125. Dr. Pasricha also opined plaintiff is "moderately" limited in her ability to understand, remember and carry out detailed instructions. A.R. 129.  Dr. Pasricha further found plaintiff is "not significantly limited" in her ability to:  remember locations and work-like procedures; understand, remember and carry out very short and simple instructions; maintain attention and concentration for extended

periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the public; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places of use public transportation; and set realistic goals or make plans independently of others. A.R. 129-30. Finally, Dr. Pasricha opined plaintiff can perform simple, repetitive tasks on a "consistent basis without special supervision," can interact with peers and superiors, and "can maintain regular attendance." A.R. 131.

## DISCUSSION

### III

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th

Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Burch v. Barnhart, 400 F.3d 676, 678 (9th Cir. 2005) (citation omitted); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

"In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21; McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a

5

disability case. 20 C.F.R. § 404.1520. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. § 404.1520(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity ("RFC") despite the impairment or various limitations to perform her past work. 20 C.F.R. § 404.1520(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g).

Where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments. Maier v. Comm'r of the Soc. Sec. Admin., 154 F.3d 913, 914 (9th Cir. 1998) (per curiam). First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work. 20 C.F.R. § 404.1520a(b)(1). Second, when the claimant establishes these medical findings, the degree of functional loss resulting from the impairment must be rated by considering four areas of function: (a) activities of daily living; (b) social

functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(2-4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. § 404.1520a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. § 404.1520a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 404.1520a(c)(3)]." 20 C.F.R. § 404.1520a(d)(3), (e)(2).[3]

Applying the five-step sequential evaluation process, in Step One, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. A.R. 24, 29. In Step Two, the ALJ found plaintiff does not have a severe impairment or combination of impairments considered severe; thus, plaintiff is not disabled. A.R. 28-29, 30.

IV

The Step Two inquiry is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290; Edlund v. Massanari,

---

[3] Here, the ALJ found "[t]he [plaintiff's] mental impairments have only a slight or mild impact on her daily living activities and social functioning and do not cause any limitations in her ability to maintain concentration, persistence or pace. They have not caused any episodes of decompensation of extended duration." A.R. 30.

253 F.3d 1152, 1158 (9th Cir. 2001). The Supreme Court has recognized that including a severity requirement at Step Two of the sequential evaluation process "increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Bowen v. Yuckert, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987). However, an overly stringent application of the severity requirement violates the Act by denying benefits to claimants who meet the statutory definition of disabled. Corrao v. Shalala, 20 F.3d 943, 949 (9th Cir. 1994).

A severe impairment or combination of impairments within the meaning of Step Two exists when there is more than a minimal effect on an individual's ability to do basic work activities. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Edlund, 253 F.3d at 1159; see also 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit [a person's] physical or mental ability to do basic work activities."). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling, and the capacity for seeing, hearing and speaking, understanding, carrying out, and remembering simple instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

//

Here, the ALJ found plaintiff has not met her burden of establishing she has a severe impairment or combination of impairments. A.R. 30. However, plaintiff contends this finding is not supported by substantial evidence because the ALJ did not properly consider the findings of the nontreating and nonexamining physician, Dr. Pasricha, who found plaintiff is "moderately" limited in her ability to maintain concentration, persistence or pace. See Joint Stipulation at 3-4, 7. The plaintiff isolates this single statement from Dr. Pasricha's opinion and argues it supports a conclusion she has a severe mental impairment. The plaintiff's contention is without merit.

The ALJ's determination that plaintiff "does not have a severe mental impairment[,]" A.R. 29, is based primarily on the opinion of an examining physician, Dr. Shulman, who found plaintiff has "good abstraction, judgment and insight[,] . . . is able to accept instructions from supervisors and interact appropriately with co-workers and [the] public[,] . . . can understand, remember and carry out simple repetitive instructions[,] . . . should be able to perform work activities on a consistent basis and maintain[] regular attendance in the workplace[,]" and "does not need additional supervision in performing [a] work routine." A.R. 109. Since Dr. Shulman's findings support the determination that plaintiff's impairments do not significantly limit her ability to do basic work activities, cf. 20 C.F.R. § 404.1521(b) (listing examples of basic work activities), they support a finding that plaintiff's mental impairment is not severe. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's report of examination of

claimant constitutes substantial evidence to support ALJ's determination); Russell v. Bowen, 950 F.2d 542, 545 (8th Cir. 1991) (concluding claimant's mental impairment is not severe where evidence shows no more than minimal effect on claimant's ability to do basic work activities); S.S.R. 85-28, 1985 WL 56856, *1, *3 (S.S.A.) ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs.").[4]

Moreover, since "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician[,]" Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996) (emphasis omitted), even if Dr. Pasricha's opinion supported plaintiff's claim that she has a severe mental impairment, that opinion, by itself, could not constitute substantial evidence to contradict Dr. Shulman's assessment.  See Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir. 1990) ("The nonexamining physician's conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.").

---

[4] Social Security Rulings constitute the Social Security Administration's interpretations of the statute it administers and of its own regulations.  Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996); Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).  Although Social Security Rulings do not have the force of law, Chavez, 103 F.3d at 851, once published, they are binding upon ALJs and the Commissioner.  Holohan, 246 F.3d at 1202-03 n.1; Gatliff v. Comm'r of the Soc. Sec. Admin., 172 F.3d 690, 692 n.2 (9th Cir. 1999).

1  However, in assessing the medical evidence, the ALJ found that
2  Dr. Pasricha's opinion "agreed with Dr. Shulman's diagnosis of the
3  [plaintiff]."  A.R. 26.  That is, Dr. Pasricha's findings themselves
4  support the ALJ's determination that plaintiff's mental impairment is
5  not severe.  As an initial matter, Dr. Pasricha's findings are
6  internally inconsistent.  For example, his finding that plaintiff has
7  "moderate" difficulties in maintaining concentration, persistence or
8  pace, A.R. 125, is inconsistent with his findings that plaintiff is
9  "not significantly limited" in her abilities to: remember locations
10 and work-like procedures; understand, remember, and carry out very
11 short and simple instructions; maintain attention and concentration
12 for extended periods; perform activities within a schedule, maintain
13 regular attendance, and be punctual within customary tolerances;
14 sustain an ordinary routine without special supervision; work in
15 coordination with or proximity to others without being distracted by
16 them; and to complete a normal workday and workweek without
17 interruptions from psychologically-based symptoms and to perform at a
18 consistent pace without an unreasonable number and length of rest
19 periods.  A.R. 129-30.  The ALJ is responsible for resolving conflicts
20 in the medical evidence, Thomas v. Barnhart, 278 F.3d 947, 956-57
21 (9th Cir. 2002); Edlund, 253 F.3d at 1156, and drawing inferences that
22 flow logically from the evidence.  Macri v. Chater, 93 F.3d 540, 544
23 (9th Cir. 1996); Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.
24 1982).  Here, the ALJ reasonably resolved the internal conflict in
25 Dr. Pasricha's findings by concluding Dr. Pasricha's opinions are
26 generally consistent with those of Dr. Shulman, and support a
27 determination that plaintiff does not have a severe mental
28 //

impairment.[5]  A.R. 26.  Accordingly, substantial evidence supports the ALJ's determination that plaintiff does not have a severe mental impairment.  Tonapetyan, 242 F.3d at 1149; see also Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

ORDER

Plaintiff's request for relief is denied and defendant's request for relief is granted, and Judgment shall be entered in favor of the defendant.

DATE: July 18, 2005

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

---

[5]  Indeed, Dr. Pasricha found plaintiff is "not significantly limited" in her ability to perform any work activities except for a "moderate[]" limitation in her ability to understand, remember, and carry out detailed instructions, which is not a basic work activity.  See Prince v. Barnhart, 107 Fed. Appx. 170, 174 (10th Cir. 2004) ("[A] moderate limitation remembering and carrying out complex and/or detailed job instructions . . . does not significantly limit [the claimant's] ability to do basic work activities."); Santiago Serra v. Sec. of Health & Human Servs., 915 F.2d 1556, 1990 WL 152332, *3 (1st Cir. (Puerto Rico)) (per curiam) (Unpublished Disposition) ("[A] claimant need only be able to understand simple instructions in order to do basic work activities.").

R&R-MDO\04-9472.MDO
7/18/05